Filed 2/7/22  P. v. Keola CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sierra)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MARIO KEOLA,<br><br>Defendant and Appellant. | C093194<br><br>(Super. Ct. No. CR990046X) |

In 2000, defendant Mario Keola was tried on numerous criminal charges arising from a death that occurred during a high speed car chase led by defendant.  (*People v. Keola* (Jan. 17, 2002, C037184) [nonpub. opn.].)  Included in those charges was a charge for second degree murder and multiple charges for evading a pursuing peace officer.

At trial, defendant's jury was given two alternate theories for finding defendant guilty of second degree murder:  implied malice and second degree felony murder based on evading an officer by driving with reckless disregard for the safety of persons or

1

property. The jury found defendant guilty of second degree murder but there is no way to ascertain from the record upon which theory the jury found defendant guilty. We affirmed the judgment on appeal.

On September 16, 2019, defendant sought resentencing pursuant to Penal Code section 1170.95[1] in light of changes brought about by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), which amended sections 188 and 189 to limit the scope of liability for murder on a felony-murder theory. The parties stipulated defendant presented a prima facie case for relief. The trial court then issued an order to show cause and conducted an evidentiary hearing on defendant's petition.

At the evidentiary hearing, the parties agreed that with the recent changes resulting from Senate Bill 1437, defendant could no longer be convicted of second degree felony murder. The People thus conceded the only issue in dispute was whether defendant "could . . . have been convicted under an implied malice theory."

Following the evidentiary hearing, the trial court concluded defendant was not entitled to relief and denied the petition. The trial court's explanation for its decision was that defendant was not entitled to relief because he "was in fact the actual killer." Defendant appeals the denial of the petition.

On appeal, defendant argues the trial court erred in denying his petition because regardless of whether he was the actual killer, the crime of second degree felony murder was abrogated by Senate Bill 1437. As a result, he was not "categorically ineligible for relief," and the trial court was required to consider in the first instance whether defendant was guilty of implied malice murder beyond a reasonable doubt. The People concede this was error.

---

[1] Undesignated statutory references are to the Penal Code.

2

## DISCUSSION

Senate Bill 1437 amended "the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f).) The bill amended section 188, which concerns malice, and section 189, which defines the degrees of murder to address felony-murder liability. (Stats. 2018, ch. 1015, §§ 2 & 3.)

As relevant here, section 188 was amended to read: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) "The offense of evading an officer while driving with reckless disregard for the safety of persons or property (Veh. Code, § 2800.2, subd. (a)), is not among the enumerated crimes in section 189, subdivision (a) that may still serve as a basis for a felony-murder conviction under certain circumstances." (*People v. DeHuff* (2021) 63 Cal.App.5th 428, 442, fn. omitted.)

Thus, regardless of whether defendant was the actual killer, he could not now be convicted of second degree felony murder based on a violation of section 2800.2, subdivision (a). It was error for the trial court to deny his petition on that basis and we accept the People's concession accordingly. There may, however, be sufficient evidence to convict defendant of implied malice murder and the trial court must consider that evidence. We will, therefore, remand the matter for further proceedings as provided for in section 1170.95, subdivision (d), including the introduction of evidence as described in section 1170.95, subdivision (d)(3). (§ 1170.95, subd. (d)(3), as amended by Stats. 2021, ch. 551 (Sen. Bill No. 775 (2021-2022 Reg. Sess.)).)

## DISPOSITION

The trial court's order denying defendant's section 1170.95 petition is reversed and the matter is remanded for further proceedings consistent with this opinion.

                                                              _____KRAUSE_____, J.

We concur:

_____RAYE_____, P. J.

_____BLEASE_____, J.

4